UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KRISTIN VITALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00578-JRO-MKK |
| | ) | |
| RHYGAN KOCHACK TAVERN, LLC d/b/a BIGSYS SPORTS GRILL, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RHYGAN KOCHACK TAVERN, LLC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KRISTIN VITALE, | ) | |
| | ) | |
| Counter Defendant. | ) ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
ORDERING ENTRY OF DEFAULT, DISMISSING COUNTERCLAIMS,
AND DIRECTING FURTHER PROCEEDINGS**

Before the Court is Magistrate Judge M. Kendra Klump's Report and Recommendation ("R&R") recommending the Court **GRANT** Plaintiff's oral motion for default and **DISMISS** Defendant's counterclaims. Dkt. [40]. For the reasons stated below, the Court **ADOPTS** this R&R.

Plaintiff Kristin Vitale filed her complaint against Defendant Rhygan Kochack Tavern, LLC, on March 26, 2025. Dkt. 1. Defendant answered the complaint and filed counterclaims against Plaintiff on June 9, 2025. Dkt. 10.

The parties, via counsel, engaged in pretrial conferences and a January 26, 2026, settlement conference, which did not result in settlement.  Dkt. 17; Dkt. 23; Dkt. 25.

On February 17, 2026, Defendant's counsel filed a motion to withdraw. Dkt. 31.  The magistrate judge held an *ex parte* status conference on March 9 to discuss the motion, in part because granting the motion would leave Defendant, a limited liability entity, unrepresented in this matter.  Dkt. 34.  Despite the magistrate judge's order requiring Defendant's representative, as well as their counsel, to attend the conference, Defendant's representative failed to appear. Dkt. 35.  The magistrate judge "granted Defendant's counsel's motion to withdraw appearance, and ordered Defendant to secure new counsel by March 31, 2026, or show cause by April 7, 2026, why the Court should not enter a judgment of default in Plaintiff's favor due to Defendant's failure to appear to defend in this case and to prosecute its counterclaim(s)."  Dkt. 40 (citing dkt. 36).  The magistrate judge emphasized Defendant's obligation to secure new counsel:

> As a limited liability company, Rhygan Kochack Tavern, LLC must be represented by counsel for this matter to proceed. See *United States v. Hagerman,* 545 F.3d 579, 581–82 (7th Cir. 2008) ("the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity").

Dkt. 36 at 1.  In the time that passed following this order, Defendant did not (1) cause new counsel to appear in this matter, (2) attend subsequent status

conferences via representative, or (3) otherwise engage in the litigation process. Dkt. 39, *see also* dkt. 40.

At an April 30, 2026, status conference—which Defendant did not attend— Plaintiff orally moved for default judgement in her favor and dismissal of Defendant's counterclaims. Dkt. 39. On May 1, the magistrate judge issued an R&R recommending the Court grant Plaintiff's oral motion for default and dismiss Defendant's counterclaims based on "Defendant's failure to defend and Defendant's failure to prosecute its counterclaims." Dkt. 40. More than fourteen days have passed since the R&R was issued, and Defendant has filed no objection.

Federal Rule of Civil Procedure 55 sets forth a "two-step process" for obtaining a default judgment. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must seek an *entry of default* from the Clerk. Fed. R. Civ. P. 55(a); *see VLM Food*, 811 F.3d at 255 ("The basic effect of an entry of default is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." (cleaned up)). Entry of default "'does not of itself determine rights,'" but established the facts of Plaintiff's well-pled allegations relating to liability. *VLM Food*, 811 F.3d at 255 (quoting *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972) and citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

For step two, the moving party must seek entry of a *default judgment* against the defaulting party. Fed. R. Civ. P. 55(b). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed.

3

R. Civ. P. 55(b)(2).  Notwithstanding any entry of default, Plaintiff must still prove damages under Rule 55 to obtain a default judgment unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); *see Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012); *accord Moriarty v. Wright & Assocs., P.C.*, No. 1:25-cv-00281-JRO-TAB, 2026 WL 1388712, at *2 (S.D. Ind. May 18, 2026).   The decision to grant or deny a default judgment is within the Court's discretion.  *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion).

Given the two-step nature of Rule 55 and Plaintiff's decision not to tender an affidavit or documentary evidence showing the sum certain or amount due for damages, the Court construes Plaintiff's oral motion as motion for entry of default and the magistrate judge's R&R as recommending the Court direct entry of default.   After reviewing the record and the R&R, the Court finds the magistrate judge did not commit clear error with respect to the entry of default or dismissal of Defendant's counterclaims.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (district courts review unobjected portions of a magistrate judge's report and recommendation for clear error).   An entry of default is proper here.  Fed. R. Civ. P. 55(a).

Therefore, the court **ADOPTS** the magistrate judge's Report and Recommendation, dkt. [40], **DIRECTS the clerk to enter default** in Plaintiff's favor, and **DISMISSES with prejudice** Defendant's counterclaims, dkt. [10] at

15–23. Fed. R. Civ. P. 41(b); *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("Dismissal for failure to prosecute is, as provided in Fed. R. Civ. P. 41(b), with prejudice . . . .").

At this time, the Court awaits a motion for entry of default judgment under step two of the Rule 55 process. **On or before June 26, 2026**, Plaintiff shall file a motion for default judgment, which shall attach all necessary affidavits and documentary evidence to establish damages that are definite and ascertainable. If a hearing is required to establish damages, Plaintiff shall request one in her motion for default judgment and discuss whether any discovery is needed prior to a hearing.

**SO ORDERED.**

Date: 5/28/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Julie C. Alexander
John H. Haskin & Associates, LLC
jalexander@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES, LLC
jhaskin@jhaskinlaw.com

Rhygan Kochack Tavern, LLC
5900 North 450 West
Fairland, IN 46126